Earl, J.
A re-examination of this case upon this motion for a reargument satisfies us that we made no mistake in our decision. Ho rule of law or material fact was overlooked or misapprehended.
The notes used by Garrison for the purchase of the second *88 mortgage bonds of the railroad company, or in exchange for such bonds, were used either rightfully or wrongfully by him. There is no pretense of any contract between him and the plaintiff under which they were used, or of any contract under which he agreed to pay or allow the plaintiff any particular sum or price for them. Even if Garrison used them with the tacit consent of the plaintiff, we know of no rule of law which imposed upon him any liability to allow for them more than their value. By what kind of legal jugglery , can Garrison be charged with the par value of these worthless notes, in the absence of any agreement that he should take them at that value, or of any proof that the plaintiff was damaged to the amount of their full value by the use Garrison made of them ?
In this equitable accounting between these parties by what kind of necromancy can these worthless pieces of paper be transmuted into pure gold ? There is certainly no proof and no finding of fact in this record upon which this enormous claim of the plaintiff can be based.
But upon the argument in this case we understood the counsel for the plaintiff to repudiate the claim of the defendants that Garrison used these notes in payment or exchange for the bonds with, the consent of the plaintiff, and we assumed, as most favorable to the plaintiff, that in the use he made of them he wrongfully converted them. If the plaintiff cannot, upon that theory, charge Garrison with the full value of these notes, then there is no theory upon which he can do it. ■
It is claimed that we ought not to have said in our opinion that these notes and the second mortgage bonds were substantially of no value. Why should we not have said so? It is beyond controversy upon the evidence that they were substantially worthless. The referee refused to make any specific finding that they were of no value, on the ground that such finding was immaterial, and this refusal upon that ground was erroneous, if there was any evidence tending to establish the fact that they were of no value and that fact was material. To test the propriety of that refusal we must assume the existence of the fact which the evidence tended to establish, and so we assumed that the notes and bonds were of no value, and by so doing showed that the fact was a vital one, and that the referee should, therefore, have passed upon the evidence bearing upon it.
What we have said about the worthlessness of the notes and second mortgage bonds, obviously, cannot conclude the plaintiff upon a new trial. It will then be open to him to show, if he can, that the notes and bonds were actually valuable and how much they were worth.
In our former opinion no point was discussed and no position taken which was not fairly embraced within the record and presented by exceptions properly taken.
The motion should be denied.
All concur.